## HARRIS v. LYNCH.

No. 1958.   Opinion Filed July 11, 1911.

(116 Pac. 942.)

COURTS—Transfer of Causes—Probate Matters—Jurisdiction.   Under section 1, c. 16, art. 3, Sess. Laws 1907-08, the county court of Bryan county had the power to make an order transferring a probate cause to the domicile of the minor in Choctaw county on a petition filed more than 60 days after the passage and approval of said act.

(Syllabus by the Court.)

*Error from District Court, Choctaw County; Jas. R. Armstrong, Judge.*

Action by Nathan Harris, guardian of Beatrice Harris, against Charles S. Lynch.   Judgment for defendant, and plaintiff brings error.   Reversed and remanded.

*W. W. Whitley,* for plaintiff in error.

*Stewart & McDonald,* for defendant in error.

KANE, J.   This was an action commenced by the plaintiff in error, Nathan Harris, as the legal guardian of the person and estate of Beatrice Harris, a minor, against Chas. S. Lynch, defendant in error, to recover the purchase price of certain real estate belonging to the minor which was sold in pursuance of an order of the county court of Choctaw county, Okla.   It was agreed by the parties that on the 18th day of April, 1907, Nathan Harris was appointed guardian of the person and estate of Beatrice Harris, a minor, by order of the United States District Court of the central district of the Indian Territory, sitting at

Durant; that pursuant to the terms of the Enabling Act and Schedule to the Constitution of the state said cause was transferred to the county court of Bryan county, Okla.; that at the time of said appointment Nathan Harris and Beatrice Harris, his daughter and ward, were residents of and residing in that portion of the Indian Territory now comprising Choctaw county, Okla., and that if no appointment had been made in said matter until after statehood the county court of Choctaw county, Okla., would have been the venue of said matter; that said cause was not transferred from the county court of Bryan county to the county court of Choctaw county until the 9th day of June, 1908; that pursuant to said transfer, and by order of the county court of Choctaw county, Okla., all the real estate of said minor was sold at public sale to Charles S. Lynch, for the sum before stated, he being the highest bidder; that said sale was duly confirmed by the county court of Choctaw county, and a deed to said real estate was directed to be made to said defendant; that deed was made and tendered and payment demanded and refused; and it is further agreed that, excepting the said transfer, all proceedings had in the sale of said real estate were regular.

It thus appears that the only question in the case is whether the county court of Choctaw county acquired jurisdiction of the cause transferred to it after the expiration of the 60 days prescribed by section 1, c. 16, art. 3, Sess. Laws 1907-08, p. 213. The court seems to have taken the view that it did not. This is error. *MaHarry v. Eatman, ante,* p.——, 116 Pac. 935, decided at the last term of this court. The third paragraph of the syllabus reads as follows:

"Under section 1, c. 16, art. 3, Sess. Laws 1907-08, p. 213, the county court of Pushmataha county had the power to make an order transferring a probate cause to the county court of the domicile of the minor on a petition filed more than 60 days after the passage and approval of said act."

On the authority of that case, the judgment of the court below must be reversed and the cause remanded, with directions to proceed in conformity with the views herein expressed.

All the Justices concur.